NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 9 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALIIGN ACTIVATION WEAR, LLC, a
California limited liability company,

      Plaintiff-counter-
      defendant-Appellant,

  v.

LULULEMON ATHLETICA CANADA,
INC., a Canadian corporation;
LULULEMON USA, INC., a Nevada
corporation,

      Defendants-counter-
      claimants-Appellees.

No.   21-55775

D.C. No.
2:20-cv-03339-SVW-JEM

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted July 27, 2022
Pasadena, California

Before: TASHIMA, WATFORD, and FRIEDLAND, Circuit Judges.

Plaintiff Aliign Activation Wear, LLC (AAW) appeals from the district

court's order granting summary judgment to defendants lululemon athletica

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Canada, Inc., and lululemon USA, Inc. (collectively, lululemon) on AAW's trademark infringement claim. We affirm.

1. The district court correctly held that no reasonable jury could find for AAW on its reverse confusion theory. We apply the multi-factor inquiry articulated in *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979), to determine whether a likelihood of reverse confusion exists, but application of the factors is flexible, and a party need not demonstrate that every factor supports its position to prevail. *See Dreamwerks Prod. Grp., Inc. v. SKG Studio*, 142 F.3d 1127, 1129–30 (9th Cir. 1998). Here, several factors lead us to conclude that AAW failed to raise a triable issue of fact as to whether reasonably prudent consumers encountering AAW's goods will likely believe that those goods are manufactured or sponsored by lululemon. *See id.*

The most significant factor in this case is the way the companies' respective products are marketed to and encountered by consumers. The record reflects that lululemon primarily sells its Align yoga pants through its own website and brick-and-mortar stores, with limited sales in select yoga studios. AAW, meanwhile, sells its products primarily through its own website, and had limited distribution in Urban Outfitters in 2014. The near absence of any overlap in marketing or distribution channels weighs heavily against a finding that reverse confusion is likely here. *See, e.g.*, *Ironhawk Tech., Inc. v. Dropbox, Inc.*, 2 F.4th 1150, 1166

(9th Cir. 2021). That both companies use the Internet generally as a marketing channel "does not shed much light on the likelihood of consumer confusion." *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1151 (9th Cir. 2011).

The Align pants sold by lululemon are also typically accompanied by either the dominant and distinctive lululemon house mark or the company name, further diminishing any likelihood of confusion. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 842 (9th Cir. 2002). What is relevant is how consumers actually encounter the goods in the marketplace and the circumstances surrounding their purchase. The stark difference between the companies' marketing of their goods weighs heavily in lululemon's favor. *See Lindy Pen Co. v. Bic Pen Corp.*, 725 F.2d 1240, 1245 (9th Cir. 1984).

Several other *Sleekcraft* factors weigh in lululemon's favor as well. As to intent, there is no indication that lululemon intended to infringe on AAW's mark, or even that lululemon was aware of AAW's mark when the alleged infringement began. *See Ironhawk*, 2 F.4th at 1168. Lululemon has been using the word "Align" in conjunction with its yoga mats since 2008, three years before AAW began to sell apparel, and lululemon conducted a trademark search that did not reveal AAW's ALIIGN mark before launching the Align yoga apparel line. In addition, the absence of evidence of actual confusion, despite both parties having

used their marks for years, indicates that reverse confusion is unlikely. *See, e.g.,* *Cohn*, 281 F.3d at 842–43. In fact, the single email that Aliign offers as evidence of actual confusion actually proves the opposite—that the potential customer was in no way confused between lululemon's use of the word "align" and AAW's mark. The evidence here also indicates that both companies' yoga products are far more expensive than other yoga products and thus one would expect that consumers would exercise a high level of care before purchasing anything from Aliign or lululemon. That level of care reduces any likelihood of confusion. *See Ironhawk*, 2 F.4th at 1167.

Even if AAW is correct that the remaining *Sleekcraft* factors weigh in its favor, those factors are clearly outweighed by factors favoring lululemon, such that there is no genuine dispute as to whether reasonable consumers will likely believe that AAW's products are affiliated with lululemon's. *See Cohn*, 281 F.3d at 843.

**2.** AAW failed to raise a triable issue of fact on its forward confusion theory. AAW rests its forward confusion theory on the same analysis as its reverse confusion theory, and, as noted above, that analysis favors lululemon. On the record before us, no reasonable consumer is likely to believe that AAW is somehow the source or sponsor of lululemon's products. *See, e.g., Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 630 (9th Cir. 2005).

**3.** Finally, the district court correctly granted summary judgment to

lululemon on AAW's initial interest confusion theory. Because AAW focuses its arguments on appeal on initial interest confusion among Internet shoppers, it must demonstrate that "a reasonably prudent consumer accustomed to shopping online" would be confused by the Google results AAW relies upon. *Multi Time Mach., Inc. v. Amazon.com, Inc.*, 804 F.3d 930, 937 (9th Cir. 2015) (quoting *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1176 (9th Cir. 2010)). The Google searches show that when consumers search for "aliign pants" or "aliign yoga pants" online, they are provided with results that clearly indicate the products on the page are lululemon products. Such unambiguous labeling significantly reduces any confusion for the prudent consumer. *See id.* at 937–38. The page also informs consumers that it is providing results with the word "align," and allows consumers to search specifically for results with the word "aliign" if they wish. It is highly unlikely that any consumer searching for AAW's products would be confused as to the source of the goods he or she encounters in search results given these circumstances. *See id.* at 938–39.

**AFFIRMED.**